IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BOOMER ENVIRONMENTAL, LLC,

    Plaintiff,

v.

TIGER LOGISTICS, INC.,

    Defendants.

CASE NO. 5:19-cv-00487-C

### **DEFENDANT'S ANSWER AND COUNTERCLAIM**

Defendant Tiger Logistics, Inc. ("Defendant") answers Plaintiff's Complaint as follows:

### **DEFENDANT'S RESPONSE TO PLAINTIFF'S ALLEGATIONS**

1. Responding to Paragraph 1, Defendant admits that Plaintiff Boomer Environmental, LLC is listed on the Oklahoma Secretary of State's webpage as an Oklahoma domestic limited liability company. Defendant is without sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

2. Responding to Paragraph 2, Defendant admits the allegations.

3. Responding to Paragraph 3, Defendant admits the allegations.

4. Responding to Paragraph 4, Defendant admits that the parties are diverse pursuant to 28 U.S.C. § 1332 and that the amount in controversy for diversity purposes exceeds $75,000. Defendant denies that Plaintiff is entitled to any damages and therefore denies the remaining allegations in Paragraph 4.

5. Responding to Paragraph 5, Defendant admits that it transported cleaning liquids through Oklahoma. Defendant denies the remaining allegations of Paragraph 5.

6. Responding to Paragraph 6, Defendant admits that it was involved in an accident that resulted in the release of cleaning liquids that required specialized clean up services. Defendant denies the remaining allegations of Paragraph 6.

7. Responding to Paragraph 7, Defendant admits that Plaintiff responded to the scene of the accident and invoiced Defendant for environmental remediation services. Defendant denies the remaining allegations of Paragraph 7.

8. Responding to Paragraph 8, Defendant denies the allegations.

## RESPONSE TO PRAYER FOR RELIEF

With regards to the unnumbered prayer for relief at the end of Plaintiff's Petition, Defendant admits that Plaintiff seeks damages and other relief, but denies that Plaintiff is entitled to any damages or any relief whatsoever.

## DEFENDANT'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLAIMS

9. Plaintiff fails to state a claim upon which relief may be granted against Defendant.

10. Plaintiff's claims are barred in whole or in part by its own breach of the contract.

11. Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands, unjust enrichment, estoppel, and/or laches.

12. Plaintiff's claims are barred in whole or in part by breach of the covenant of good-faith and fair dealing.

13. Plaintiff failed to mitigate its damages.

14. Plaintiff's damages are unreasonable under community standards for the type of work performed.

15. Defendant reserves the right to assert additional affirmative defenses as this case progresses and Defendant learns of the factual basis for additional affirmative defenses.

### WHEREFORE CLAUSE WITH REGARDS TO PLAINTIFF'S CLAIMS

WHEREFORE, Defendant respectfully prays for a final judgment in Defendant's favor, which (1) dismisses with prejudice each and every claim asserted by Plaintiff against Defendant; (2) declares Defendant to be the prevailing party on dismissed claims; (3) denies Plaintiff the judgment and relief requested in its Complaint; and (4) grants Defendant such other and further legal and equitable relief as may be just and proper under the circumstances.

### DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF
### ADDITIONAL FACTS IN SUPPORT OF COUNTERCLAIMS

16. On or about January 26, 2019, a tractor-trailer operated by Defendant was involved in an accident in Oklahoma County, Oklahoma.  The tractor-trailer was carrying cleaning chemicals.

17. As a result of the accident, Plaintiff was retained to assist with environmental remediation of the cleaning liquids.

18. Based on information and belief, Plaintiff sent at least eight employees, including a scene-site supervisor and a project manager, to assist with the remediation.

19. Plaintiff's invoice states that it "responded with Equipment (*sic*) and personnel to contain, recover & cleanup the site."

20. Plaintiff's employees, instead of containing, recovering, and cleaning up the site, punctured the containers carrying the cleaning liquids causing the cleaning liquids to spill on the ground and on equipment owed and operated by Defendant.

21. One of Plaintiff's employees can be seen in the images below puncturing containers on the night of the accident causing the cleaning liquids to spill on both the ground and on the tractor trailer owned by Defendant:





22. Plaintiff then invoiced Defendant $154,684.40 for the remediation efforts.

23. Plaintiff's invoice included a charge of $19,760.00 for disposal of "impacted soil."

24. Plaintiff's invoice included hourly charges for Plaintiff's employee time spent cleaning Defendant's tractor trailer.

25. Plaintiff's invoice included hourly charges for Plaintiff employee time spent remediated "impacted soil."

26. Plaintiff intentionally and purposefully spilled cleaning liquids on the ground and in Defendant's trailer. Plaintiff then invoiced Defendant for the costs and fees associated with remediating the cleaning liquid Plaintiff purposefully spilled.

## COUNTERCLAIM COUNT I:  FRAUD

27. Defendant incorporates paragraphs 1 through 26 and reasserts them as if fully set forth herein.

28. Plaintiff invoiced Defendant $154,684.40 for its response "with Equipment (*sic*) and personnel to contain, recover & cleanup the [accident] site."

29. Plaintiff's invoice includes costs and fees for remediation services including ground soil remediation, expenses associated with decontamination of equipment, and employee hourly charges up to $450 an hour for Plaintiff's employees.

30. Plaintiff's invoice states that the services it performed were in furtherance of its effort to "contain, recover & cleanup the [accident] site."

31. Plaintiff's employees, however, intentionally spilled cleaning supplies on Defendant's equipment and the ground and then invoiced Defendant to clean up spills made by Plaintiff.

32. Plaintiff is vicariously liable for the actions of its employees.

33. As a consequence of Plaintiff's actions, Defendant has suffered damages including improper expenses associated with accident clean up, lost revenue, attorneys' fees, and other damages.

34. Plaintiff's actions were willful and wanton, thus entitling Defendant to an award of punitive damages.  Defendant seeks punitive damages in a reasonable amount to be determined at trial.

## COUNTERCLAIM COUNT II -- CONVERSION

35. Defendant incorporates paragraphs 1 through 34 and reasserts them as if fully set forth herein.

36. Defendant had a property and financial interest in the cleaning liquids contained within its trailer.

37. Plaintiff exercised wrongful dominion and control over Defendant's property by puncturing Defendant's containers containing cleaning liquids causing the cleaning liquids to spill on the ground.

38. Plaintiff punctured the cleaning liquid containers for its own benefit by causing a spill, cleaning up the spill, and then invoicing Defendant for the costs of cleaning up the spill.

39. As a consequence of Plaintiff's actions, Defendant has suffered damages including improper expenses associated with accident clean up, lost revenue, attorneys' fees, and other damages.

40. Plaintiff's actions were willful and wanton, thus entitling Defendant to an award of punitive damages. Defendant seeks punitive damages in a reasonable amount to be determined at trial.

## COUNT III—TRESPASS TO CHATTEL

41. Defendant incorporates paragraphs 1 through 40 and reasserts them as if fully set forth herein.

42. Defendant was in possession of the cleaning liquid and was exercising dominion and control over the cleaning liquid for its own benefit.

43. Plaintiff exercised wrongful dominion and control over Defendant's property by puncturing Defendant's containers containing cleaning liquids causing the cleaning liquids to spill on the ground.

44. Plaintiff intentionally and unnecessarily disposed of Defendant's cleaning liquid by spilling the cleaning liquid on the ground.

45. As a consequence of Plaintiff's actions, Defendant has suffered damages including improper expenses associated with accident clean up, lost revenue, attorneys' fees, and other damages.

46. Plaintiff's actions were willful and wanton, thus entitling Defendant to an award of punitive damages. Defendant seeks punitive damages in a reasonable amount to be determined at trial.

## COUNT IV—BREACH OF CONTRACT

47. Defendant incorporates paragraphs 1 through 46 and reasserts them as if fully set forth herein.

48. Defendant was in possession of the cleaning liquid and was exercising dominion and control over the cleaning liquid for its own benefit.

49. Defendant retained Plaintiff to perform remediation services after the accident of January 29, 2019.

50. Defendant's retention of Plaintiff was a service contract.

51. Plaintiff breached its contract with Defendant to perform remediation services by puncturing Defendant's containers containing cleaning liquids causing the cleaning

liquids to spill on the ground and then charging Defendant with the costs and fees associated with cleaning up Plaintiff's own spill.

52. As a consequence of Plaintiff's actions, Defendant has suffered damages including improper expenses associated with accident clean up, lost revenue, attorneys' fees, and other damages.

## COUNT V:  UNJUST ENRICHMENT

53. Defendant incorporates paragraphs 1 through 52 and reasserts them as if fully set forth herein.

54. Plaintiff was retained to perform remediation services after the accident of January 29, 2019.

55. Plaintiff punctured Defendant's containers containing cleaning liquids causing the cleaning liquids to spill on the ground and then charged Defendant with the costs and fees associated with cleaning up Plaintiff's own spill.

56. Plaintiff's actions are contrary to equity and good conscience because Plaintiff seeks to obtain an improper benefit at the expense of Defendant.

57. As a consequence of Plaintiff's actions, Defendant has suffered damages including improper expenses associated with accident clean up, lost revenue, attorneys' fees, and other damages.

## DEFENDANT'S PRAYER FOR RELIEF

Defendant requests judgment against Plaintiff as follows:

A.     For appropriate compensatory damages including damages for lost economic revenue and costs associated with remediation effort;

B.      For appropriate punitive damages in an amount to be determined at trial;

C.      For an award of reasonable attorney's fees and costs to the maximum extent allowed by law;

D.      For a final judgment which grants Defendant such other and further legal and equitable relief as may be just and proper under the circumstances.

> Daniel K. Jones, OK # 16940
> Mills & Jones, PLLC
> 2760 Washington Dr. Suite 100
> Norman, Oklahoma 73069
> Telephone:  405.239.2502
> Facsimile:  405.239.2575
> dan@millsfirm.com
>
> and
>
> /s/ Jeremy K. Schrag
> _____
> Jeremy K. Schrag, OK # 33429
> LEWIS BRISBOIS BISGAARD & SMITH LLP
> 1605 North Waterfront Parkway, Suite 150
> Wichita, Kansas 67206
> Telephone: 316.609.7900
> Facsimile:  316.462.5746
> jeremy.schrag@lewisbrisbois.com
>
> *Attorneys for Defendant Tiger Logistics, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on July 26, 2019, I filed the above Answer and Counterclaim using the court's electronic filing system which sent notification to all counsel of record.

/s/ Jeremy K. Schrag
Jeremy K. Schrag
